73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Randolph Muhammad Talley BEY, Plaintiff-Appellant,
v.
Diann FOX, Defendant-Appellee.
 No. 94-2098.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1995.
 
 Before: BROWN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Randolph Muhammad Talley Bey appeals from the judgment dismissing his civil rights suit filed under 42 U.S.C. Sec. 1983 as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Randolph Muhammad Talley Bey is a Michigan inmate. He filed a civil rights action against Diann Louise Fox in which he sought monetary damages and other relief for an alleged infringement of his First Amendment right of access to the courts. The district court initially ordered the complaint dismissed as frivolous under Sec. 1915(d).
 
 
 3
 The court construed a subsequent document as a motion to reconsider and directed Talley Bey to submit a short statement of the operative facts underlying his claim. Talley Bey thereafter filed a notice of appeal and submitted a series of lengthy, rambling pleadings. The court found that these pleadings were not responsive to its earlier directive and denied the motion to reconsider. Talley Bey filed a second notice of appeal that is the vehicle by which the present appeal is before the court. Talley Bey is proceeding without benefit of counsel and has briefed the issues.
 
 
 4
 Talley Bey sought damages and other relief from a Michigan resident, Diann Fox, for her alleged improper receipt and retention of some of Talley Bey's legal documents pertinent to his "multimillion" dollar action against an unnamed entity. Fox is said to be demanding $2,000 from Talley Bey for the return of the documents. The complaint contains little else in the way of operative facts, Fox's status and relationship to Talley Bey or the exact nature of the "multimillion" dollar case.
 
 
 5
 The district court noted that the complaint does not contain any information from which a federal civil rights case may be distilled and concluded that it should be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Talley Bey responded within 10 days with a motion to amend the complaint which the district court construed as a Fed.R.Civ.P. 59 motion to reconsider. The court clearly directed Talley Bey to set forth the operative facts of his complaint in a supplemental pleading, not to exceed 10 pages in length, or have his motion to reconsider denied.
 
 
 6
 Talley Bey responded with a series of rambling, incoherent pleadings amounting to more than 50 pages. The district court concluded that Talley Bey failed to comply with the earlier directive and, consequently, denied the motion to reconsider. Talley Bey brought the present appeal from this order.
 
 
 7
 The record supports the district court's characterization of the action as frivolous. An indigent plaintiff who states an arguable claim is entitled to service of process even though it appears that he may not ultimately prevail. Neitzke v. Williams, 490 U.S. 319, 329-30 (1989). A complaint may, however, be dismissed as frivolous under 28 U.S.C. Sec. 1915(d) if it is premised on a non-existent legal interest or a delusional factual scenario. Id. at 327-28. In this situation, the complaint may be dismissed without service of process as lacking an arguable basis in law or fact. Id. at 325. A decision to dismiss a complaint for this reason will not be disturbed absent an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 8
 Talley Bey's complaint and accompanying documents reflect that the present claim for relief is premised upon a non-existent legal interest. A defendant's liability under 42 U.S.C. Sec. 1983 must be fairly attributable to the state. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). That is, the challenged action must have been taken under color of state law. NCAA v. Tarkanian, 488 U.S. 179, 191 (1988). Talley Bey's claim for relief is grounded in his assertion that defendant Fox, allegedly affiliated with the Michigan Department of Corrections, unlawfully obtained his legal documents and that her connection with that Department provides the necessary nexus simpliciter for Sec. 1983 liability. A careful reading of his rambling pleadings shows, however, that Fox is said to have obtained the documents in 1990 and 1991 in her capacity as a private legal secretary while apparently engaged to be married to Talley Bey. Fox is not alleged to have joined the Michigan Department of Corrections until April 1993. It is clear that, even according Talley Bey's pleadings a generous interpretation, there is absolutely no indication that he was deprived of a constitutional right by a "state actor." This appeal lacks merit.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.